Michele R. Stafford, Esq. (SBN 172509)
Tino X. Do, Esq. (SBN 221346)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Bay Parkway, Suite 100
Alameda, CA 94502
Telephone: (510) 906-4710
Email: mstafford@sjlawcorp.com
Email: tdo@sjlawcorp.com

Attorneys for Plaintiffs, Sheet Metal Workers
Pension Trust of Northern California, et al.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHEET METAL WORKERS PENSION TRUST OF NORTHERN CALIFORNIA;

SHEET METAL WORKERS LOCAL 104 HEALTH CARE TRUST;

SHEET METAL WORKERS LOCAL 104 SUPPLEMENTAL PENSION FUND;

SHEET METAL WORKERS LOCAL 104 VACATION-HOLIDAY SAVINGS FUND;

SHEET METAL WORKERS LOCAL 104 AND BAY AREA INDUSTRY TRAINING FUND;

RICK WERNER and SEAN O'DONOGHUE, Trustees; and

　　　　Plaintiffs,

　　v.

EVOLUTION SHEET METAL & METAL FABRICATION, INC., a California Corporation.

　　　　Defendant.

Case No.:

**COMPLAINT**

## Parties

1.　　The Sheet Metal Workers Pension Trust of Northern California, Sheet Metal Workers Local 104 Health Care Trust, Sheet Metal Workers Local 104 Supplemental Pension

-1-
COMPLAINT
Case No.:

Fund, Sheet Metal Workers Local 104 Vacation-Holiday Savings Fund, and Sheet Metal Workers Local 104 And Bay Area Industry Training Fund, are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3) and are multi-employer plans as defined by ERISA §3(37)(A) (29 U.S.C. §1002(37)(A)). Plaintiffs Boards of Trustees are the named fiduciaries of Plaintiffs' Trust Funds under ERISA §402(a), 29 U.S.C. §1002(a). Plaintiffs Rick Werner and Sean O'Donoghue are Trustees of the Trust Funds with authority to act on behalf of all Trustees. Plaintiffs Board of Trustees of the Sheet Metal Workers Pension Trust are authorized to bring suit and collect monies for all Plaintiffs, including all other funds to which Defendant is obligated to contribute under the Bargaining Agreements described below. These employee benefit plans and their fiduciaries are together referred to herein as "ERISA Plaintiffs" or "Plaintiffs".

2. Evolution Sheet Metal & Metal Fabrication, Inc., a California corporation ("Defendant") is an employer by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

## Jurisdiction

3. Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

4. Jurisdiction exists in this Court over all the claims by virtue of the Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and conditions of a valid Bargaining Agreement.

5. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

## Venue

6. Venue is conferred upon this Court by ERISA § 502, 29 U.S.C. § 1132. Where an

action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at their principal place of business in San Ramon, California. Thus, jurisdiction and venue are properly grounded with this Court.

7. Venue exists in this Court with respect to the claims under LMRA § 301(a), 29 U.S.C. § 185, as this Court has jurisdiction over the parties, as the Sheet Metal Workers International Association Local Union 104 (the "Union") maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

## Intradistrict Assignment

8. The basis for assignment of this action to this Court's Oakland Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Contra Costa, where ERISA Plaintiffs' Funds and the Bargained Plans are administered, and where Defendant therefore failed to fulfill its statutory and contractual obligations to Plaintiffs.

## Bargaining Agreement

9. Evolution Sheet Metal & Metal Fabrication, Inc. entered into the Standard Form of Union Agreement (the "Bargaining Agreement") between Sheet Metal Workers International Association Local Union No. 104 and Bay Area Association of Sheet Metal and Air Conditioning Contractors National Association Chapters ("SMACNA"). The Bargaining Agreement, which incorporates the terms of the Trust Agreements establishing the Trust Funds ("Trust Agreements"), requires Defendant to make payment of employer contributions to the Plaintiffs Trust Funds, to the union for union dues, and to the other plans more fully described in the Bargaining Agreements and the Plan Documents of the ERISA Trusts. ERISA Plaintiffs are third-party beneficiaries of the Bargaining Agreements.

10. Under the terms of the Bargaining Agreement, and the Trust Agreements incorporated therein, Defendant is required to pay certain contributions to: the following funds:

-3-
**COMPLAINT**
**Case No.:**

Sheet Metal Workers' ("SMW") 104 Union Dues Check-off, SMW 104 Vacation, SMW Local 104 Health Care Plan, SMW Northern California Pension Plan, SMW National Pension Plan, SMW Local 104 Supplemental Pension Fund, SMW Local 104 and Bay Area Industry Training Fund, International Training Institute, National Energy Management Institute Committee, Sheet Metal Occupational Health Institute Trust, and SMACNA Industry Fund (collectively referred to herein as the "Bargained Plans") and dues to the Union. Plaintiffs' Boards of Trustees have been authorized to collect and distribute monies due to the Bargained Plans as well as dues due to the Union under the Bargaining Agreement and Trust Agreements.

11. Under the Bargaining Agreement, and the Trust Agreements incorporated therein, Defendant is required to regularly pay to ERISA Plaintiffs, the Bargained Plans, and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendant's employees. Contributions are due on the twenty-second (22nd) day of the month following the month during which hours were worked, and are considered delinquent if not received by that day. Also under the terms of the Bargaining Agreement, and the Trust Agreements incorporated therein, Defendant is required to pay liquidated damages for each delinquent contribution payment, and interest on unpaid contributions from the delinquent date until paid, at the rates set by the Bargaining Agreement and Trust Agreements. Finally, the Bargaining Agreement and the Trust Agreements require Defendant to reimburse Plaintiffs for attorneys' fees and costs incurred in relation to the collection of Defendant's delinquent contributions.

12. The Bargaining and Trust Agreements further require Defendant to maintain time records or time cards, and to permit an authorized Trust Fund representative to examine such records of Defendant as is necessary to determine whether Defendant has made full payment of all sums owed to ERISA Plaintiffs. Should an audit of Defendant's records reveal Defendant has failed to provide full and prompt payment of all sums due to Plaintiffs, Defendant must reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

Factual Allegations

13. Defendant has failed and refused to pay contributions, liquidated damages and

interest found due and owing by an audit of Defendant's payroll records for the period from August 1, 2018 through June 30, 2019.

14. Defendant has failed and refused to pay liquidated damages and interest accrued on delinquent contributions for the months of December 2018 and February 2019.

15. Defendant has failed and refused to report or pay contributions for hours worked by its employees during the months of May 2019 and June 2019. Liquidated damages and interest are due on all delinquent contributions.

16. Plaintiffs are also entitled to recover any and all other contributions, and all liquidated damages and interest on delinquent contributions not specified above, found due on timecards, audit, or otherwise, including estimated contributions for any months Defendant failed to report to Plaintiffs, through the time of Judgment. Plaintiffs reserve the right to conduct an audit to determine whether there are any additional amounts due from Defendant.

**FIRST CAUSE OF ACTION**
**For Payment of Delinquent Contributions, Interest, Liquidated Damages, Attorneys' Fees and Costs Against Defendant**

17. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 16, above.

18. Defendant has a contractual duty to timely pay the required contributions to Plaintiffs and the Bargained Plans, and to timely pay dues to the Union, pursuant to the Bargaining Agreement and Trust Agreements. Defendant also has a contractual duty under the Bargaining Agreement, and Trust Agreements incorporated therein, to permit an audit of its records to determine whether it is making full and prompt payment of all sums required to be paid by it to Plaintiffs, and to pay Plaintiffs all amounts found due as a result of an audit, including audit fees.

19. In addition, Defendant has a statutory duty to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

20. By failing to make the required payments to Plaintiffs, Defendant breached the Bargaining Agreement and is in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

21. Defendant's failure and refusal to pay the required contributions was at all times, and still is, willful. Defendant continues to breach the Bargaining Agreements, and incorporated Trust Agreements, by failing to make the required payments. Said refusal is unjustified and done

-5-

1 with knowledge and intent.

2   22.   ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendant is ordered specifically to perform all obligations required on Defendant's part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining and Trust Agreements, and are restrained from continuing to refuse to perform as required thereunder.

   23.   This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

   24.   This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendant. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendant as provided by ERISA Plaintiffs' Plan Documents, Trust Agreements, and the law.

<u>Prayer</u>

WHEREFORE, Plaintiffs pray as follows:

1.   For a judgment against Defendant as follows:

   (a)   Any unpaid contributions, due at time of Judgment, including those determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendant fails to report to Plaintiffs pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

      i.   To ERISA Plaintiffs and the Bargained Plans, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreements;

      ii.   To the Union in accordance with the Bargaining Agreements.

   (b)   Liquidated damages on all late-paid and unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

   (c)   Interest on all late-paid and unpaid contributions at the rates set in

accordance with the Bargaining Agreements, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B).

2. Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreement for all Bargained Plans; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

3. For an order,

    (a) requiring that Defendant comply with its obligations to Plaintiffs under the terms of the Bargaining Agreement and the Trust Agreements;

    (b) enjoining Defendant from violating the terms of those documents and of ERISA; and

    (c) enjoining Defendant from disposing of any assets until said terms have been complied with, and from continuation or operating of Defendant's business until said terms have been complied with.

4. That the Court retain jurisdiction of this case pending compliance with its orders.

5. For such other and further relief as the Court may deem just and proper.

Dated: March 26, 2020                          SALTZMAN & JOHNSON
                                                                          LAW CORPORATION

                                                                         By:           /S/
                                                                          Tino X. Do
                                                                          Attorneys for Plaintiffs